**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY E. BRADLEY,** | ) | **CASE NO. 3:12-CV-1504** |
| Petitioner, | ) ) | **JUDGE DAN AARON POLSTER** |
| v. | ) ) | **MAGISTRATE JUDGE GREG WHITE** |
| **NEIL TURNER, et al.,** | ) ) | |
| Respondents. | ) | **ORDER** |

Petitioner, Gregory E. Bradley ("Bradley"), challenges the constitutionality of his conviction in the case of *State v. Bradley*, Van Wert County Court of Common Pleas Case No. CR09-03-038. Bradley, *pro se*, filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on May 16, 2012. Simultaneously, he filed a motion to stay the proceedings. (Doc. No. 3.) On June 22, 2012, the case was dismissed without prejudice pending exhaustion of state court remedies. (Doc. No. 5.) On July 5, 2012, the Court granted Bradley's motion to reopen. (Doc. Nos. 6 & 7.)

Currently pending before the Court are the following motions filed by Bradley:

(1) Motion for Discovery under Fed. Crim. R. 16 requesting the State to provide a copy of the grand jury transcripts to him. (Doc. No. 9.)

(2) Motion to Compel North Central Correctional Complex to Forward Indigent Pro Se Prisoners' Legal Mail. (Doc. No. 11.) Respondent filed an opposition brief. (Doc. No. 17.)

(3) Motion requesting Summary Judgment by seeking to have his sentence vacated based upon actual innocence and the failure of the State of Ohio to respond timely. (Doc. No. 14.) Respondent opposed. (Doc. No. 18.)

(4) Motion to strike Respondent's request for an extension of time to file Return of Writ.[1] (Doc. No. 15.) Respondent opposed. (Doc. No. 18.)

---

[1] On August 17, 2012, the State requested an extension until September 11, 2012 to file a answer/return of writ, which was granted. (Doc. No. 12, and non-document order dated August 21, 2012.) Bradley filed an objection to the Court granting the extension. (Doc. No. 16.)

    (5)     Motion to expand the record under Rule 7. (Doc. No. 24.)

On September 11, 2012, Warden Neil Turner ("Respondent") filed his Answer/Return of Writ. (Doc. No. 20.) Bradley did not file a Traverse, but filed the above motion to expand the record in which he requested the Court to "equitabl[y] toll" the time to file his Traverse until after the complete record is filed. (Doc. No. 24-1 at 2.) This matter is before the Court pursuant to Local Rule 72.2. For the reasons that follow, the motions are denied in part.

### A. Pending Motions

**(1) Motion for Discovery (Doc. No. 9.)**

Bradley requests a copy of the Grand Jury Transcripts as he believes that the grand jury considered "secret" evidence and that police reports were "falsified" and "selectively edited." (Doc. No. 9 at 10.) Specifically, Bradley contends that he has shown a "particularized need" in order to disprove two arguments made by the prosecutor in appellate briefs as follows:

(1) <u>State v. King, 2002, Ohio 1423, 2002 WL 579159 (Ohio App. 3 Dist.)</u>: "Each of the <u>Eyewitness</u> [sic] offered slightly different versions of the facts between their statements to the police and their trial testimony, and from one <u>Eyewitness</u> to another, there was no evidence that the prosecutor created, supported, or enhanced the <u>Factual Inconsistencies</u> in the witness statements. Defendant argues that <u>Slight Discrepancies</u> between Police Report, Testimony, and his self-serving statement proves witness perjured themselves.

(2) The Police Report had nothing to do with the Appellant's Grand Jury Indictment Rendered and the Medical Expert's Testimony speeks [sic] for itself.

(Doc. No. 9 at 1-3.) Bradley contends the first argument was made in the State's responsive brief to Bradley's petition to vacate or set aside judgment filed with the Third Judicial District. (Doc. No. 42.) It is not clear where the second argument was made as Bradley indicates it was taken from an Exhibit A, but provided no further information.

On September 7, 2012, Respondent addressed the discovery motion indicating that the request was premature, but that the issue would be addressed in the Answer. (Doc. No. 18 at 5-6.) Subsequently, Respondent indicated in the Answer that Bradley's Petition can be decided from the record without further discovery or hearing. (Doc. No. 20 at 38.)

Pursuant to Rule 6(a) and (b) of Rules Governing Section 2254 Cases in the United

2

States District Courts, a judge may authorize, for good cause, a party to conduct discovery, and the court may limit the extent of discovery. As a federal court expressed:

> A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001).
>
> Until this Court reviews the petition for writ of habeas corpus, respondent's answer to the habeas petition, and petitioner's reply brief, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White*, No. 2007 U.S. Dist. LEXIS 69972, 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007).

*Brown v. Aud*, 2011 U.S. Dist LEXIS 90522, *1-2 (E. D. Mich. Aug. 15, 2011).

Moreover, an accused is not generally entitled to grand jury transcripts unless required by the ends of justice and unless he shows a particular need for disclosure. *United States v. Proctor & Gamble*, 356 U.S. 677, 682 (1958); *Garret v. Moore*, 2007 WL 315093, *10 (S.D. Ohio. Jan. 30, 2007); *Blalock v. Wilson*, 2006 WL 1866666 (N.D. Ohio June 30, 2006); *United States v. Tennyson*, 88 F.R.D. 119, 121 (E.D. Tenn. 1980). Grand jury material may be disclosed when it appears that failure to do so will deny the defendant a fair trial. *Blalock*, 2006 WL 1866666; *State v. Sellards*, 17 Ohio St.3d 169, 173 (1985). The particularized need requirement is not satisfied by a generalized request to inspect grand jury testimony. *Tennyson*, 88 F.R.D. at 121.

The Due Process Clause of the Fourteenth Amendment requires the prosecution to disclose evidence in its possession that is both favorable to the accused and material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987) (plurality opinion); *United States v. Bagley*, 473 U.S. 667, 674 (1985). A "defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [States's] files." *Ritchie*, 480 U.S. at 59; *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The purpose of *Brady* is not to displace the adversary system as the

primary means to uncover the truth, but rather to ensure that a miscarriage of justice does not occur. *Bagley*, 473 U.S. at 675. Therefore, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial. *Id*.

Here, the Court, after reviewing the Petition and the Answer, finds that grand jury testimony will not assist Bradley in pursuing his grounds for relief. More importantly, Bradley has neither demonstrated good cause nor a particularized need. He asserts in a conclusory fashion that because he is innocent, there could be no eyewitnesses, as referenced in the State's first argument. In its brief, the State, however, simply analogized the *King* case to the instant case arguing that "[a]s in *King*, each witness in the instant case was subject to searching cross-examination to expose the weaknesses and discrepancies in their testimony." (Doc. No. 22-2 at 732.)

Nonetheless, because Bradley has not filed a Traverse, and he is seeking an extension of time to do so, the Court will deny the motion for discovery without prejudice in the event Bradley is able to demonstrate good cause or a particularized need through his Traverse.

### (2) Motion to Compel North Central Correctional Complex to Forward Indigent, *Pro Se* Prisoner's Legal Mail to the Court. (Doc. No. 11.)

Bradley claims that the prison is interfering with the mailing of legal mail thereby denying him the right of access to the court and due process of law. (Doc. No. 11 at 1.) Specifically, Bradley requests the Court to order Respondent to forward his legal mail for filing, to stop interfering with his legal mail, and to stop him from being harassed. *Id*. Bradley also contends that the prison refuses to send his mail because of insufficient funds in his inmate account.[2] *Id.* at 2. Bradley argues that by doing so, the prison is circumventing the federal mail box rule and denying him the right of access to the Court. *Id*. Bradley asserts that because of his

---

[2]In a pleading filed on September 17, 2012, Bradley explains this argument in more detail. (Doc. No. 23.) Specifically, he contends that he is not asking for "Free Postage," but to allow his prison account to be credited for the amount of postage in order to mail court documents, even if a negative balance results, and then later debited with state pay or a personal money order. *Id*.

4

numerous legal filings, prison officials are retaliating against him by conducting random shakedowns of his cubicle. *Id*. at 3. Lastly, Bradley contends that the prison library has limited hours, which also is denying him the right of access to the Court. *Id*. at 4.

Prisoners have a constitutional right to "adequate, effective and meaningful" access to the courts which extends to direct appeals, habeas corpus petitions and civil rights claims only. *Perotti v. Medlin*, 2009 WL 2424547, *12 Case No. 4:05cv2739 (N.D. Ohio Aug. 3, 2009), *citing Bounds v. Smith*, 430 U.S. 817, 821-24, 430 U.S. 817, 97 S.Ct. 1491 (1977); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999), *citing Lewis v. Casey*, 518 U.S. 343, 353, 116 S.Ct. 2174 (1996) (citations omitted). In order to sustain a claim of denial of access to the courts, a petitioner must allege an actual injury. *Perotti, citing Lewis*, 518 U.S. at 351. In order to show actual injury in this context, a prisoner must show actual prejudice to pending or contemplated litigation, which includes a showing that a case was dismissed, a petitioner missed a court-imposed deadline, or a prisoner was unable to file a complaint. *Id*.; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). The inmate must also show that unjustified acts or conditions hindered his ability to pursue a non-frivolous legal claim. *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003), *citing Lewis*, 518 U.S. at 343; *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002) (hindering a frivolous claim does not give rise to denial of access to courts claim because it does not result in actual injury).

Bradley has not shown any actual injury. In fact, he has filed other motions with the Court since the motion to compel. Bradley indicates that a third-party filed the motion to compel as he believed that prison officials would not mail it. (Doc. No. 11 at 3.) Nonetheless, since August 8, 2012, the date the motion to compel was filed, Bradley has submitted four motions with the Court, and has not claimed to have encountered problems doing so.

More importantly, Bradley's contentions are not cognizable in federal habeas. A complaint that challenges the conditions of confinement, rather than the legality of the conviction, is not cognizable in federal habeas. *See Hodges v. Bell*, 170 Fed. App'x 389, 392-393 (6th Cir. 2006) (*citing Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303 (2004). Bradley's complaints do not implicate the validity of his conviction, but are about the conditions of his

5

confinement. Therefore, Bradley's motion to compel is denied.

Nevertheless, Respondent is willing to compromise on one issue to help Bradley. Respondent believes it is not necessary for his counsel to receive a service copy of court documents directly from Bradley as counsel is already receiving them through the electronic filing system. The Court, therefore, orders that Bradley is relieved from sending to the Ohio Attorney General's Office a service copy of documents that he has mailed to this Court for filing.

> **(3)** **Motion requesting Summary Judgment by seeking to have his sentence vacated based upon actual innocence and the failure of the State of Ohio to respond timely. (Doc. No. 14.)**
>
> **(4)** **Motion to strike Respondent's request for an extension of time to file Return of Writ. (Doc. No. 15.)**

Bradley requests the Court to grant summary judgment on his behalf because the Warden did not file an Answer within the Court ordered forty-five days, but instead asked for an extension. (Doc. No. 14 at 1-2.) Bradley avers that it would be proper for the Court to grant summary judgment because he is actually innocent. *Id*. Bradley also objected to the Court allowing an extension of time to the Warden to file his Answer. (Doc. No. 16.) Additionally, Bradley sought to strike Respondent's motion requesting an extension. (Doc. No. 15.)

The Sixth Circuit has concluded that the failure of the state attorney general's office "to file a timely return does not afford a basis for *instanter* relief." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). District courts have also ruled that default or summary judgment, prior to Respondent filing an Answer along with the state court record, is not allowed in federal habeas.

> As another judge in this district has indicated: "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason*, 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002) (citing to *Beall v. Cockrell*, 174 F. Supp. 2d 512 (N.D. Tex. 2001)). While another judge in this district has refused to grant an extension of time to the State of Michigan to file an answer and has considered a habeas petition without having the benefit of an answer from the respondent, *see Wilkerson v. Jones*, 211 F. Supp. 2d 856 (E.D. Mich. 2002), the problem with this approach is that any such decision by the court "creates a self-inflicted wound," because without a response from the State of Michigan, "a judge is left with a one-sided view of the habeas corpus petition-that of the prisoner, who is most likely untrained in the law and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which the prisoner was convicted." *Mahaday*, 222 F. Supp. 2d at 921. Under these circumstances, a judge is unable to "isolate the precise contours of the dispute", because he or she would be "missing half of the story," *i.e*., the

6

> state court proceedings, which are necessary to properly adjudicate the habeas petition. *Id.* Therefore, although an expeditious review of a habeas petition is desirable, a quick adjudication of the petition should not be done at the expense of an incomplete review. *Id*. at 922

*Rizk v. Prelesnik*, 2010 U.S. Dist LEXIS 4128, at *9-10 (E.D. Mich. Jan. 20, 2010). *See also Hillman v. Warden*, 2009 U.S. Dist. LEXIS 90022, at *5-6 (S.D. Ohio Sept. 23, 2009) (MJ Report) (denying a petitioner's motion for summary judgment for failure to answer his claims, arguing that granting summary judgment on such grounds would be tantamount to a default judgment, which is not contemplated in federal habeas cases). Bradley's motion for summary judgment, therefore, is denied.

Furthermore, Bradley's "actual innocent" claim, at this point, is not supported by the required new and reliable evidence standard. Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D. Ohio 2007).

The Court also denies Bradley's motion to strike Respondent's request for an extension of time to file the Answer. On August 17, 2012, the State requested an extension until September 11, 2012 to file a answer/return of writ, which was granted. (Doc. No. 12, and non-document order dated August 21, 2012.) Bradley later filed an objection to the Court granting the extension. (Doc. No. 16.) Bradley's objection, as well as his motion to strike, are denied.

**(5)** **Motion to expand the record under Rule 7. (Doc. No. 24.)**

Lastly, Bradley requests the Court to rule upon the pending motions as well as allow him extra time to file a Traverse. (Doc. No. 24.) He also appears to be requesting an evidentiary hearing.

Rule 7 of the Rules Governing § 2254 Cases provides that the Court may direct the parties to expand the record by submitting additional material relating to the Petition. Rule 7(a). Furthermore, the United States Supreme Court has instructed federal habeas courts as follows:

> At any time in the proceedings * * * *either on [the court's] own motion* or upon cause shown by the petitioner, it may issue such writs and take or authorize such

proceedings * * * before or in conjunction with the hearing of the facts * * * . *Harris v. Nelson*, 394 U.S. 286, 300, 89 S.Ct. 1082 (1969) (Emphasis added). As such, the Court has the power to order additional materials from the Respondent if upon reviewing Bradley's Traverse it is deemed necessary to do so. As such, Bradley's motion to expand the record is denied without prejudice.

Regarding the request for an evidentiary hearing, generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 459-460 (6th Cir.2001) (*citing Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir.1994) (citation and internal quotation omitted)). However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit. *Id.*

The Court denies, without prejudice, Bradley's request for an evidentiary hearing.

## B. Conclusion

In summary, Bradley's motions are ruled upon as follows:

(1) Motion for discovery is denied without prejudice. (Doc. No. 9.)

(2) Motion to compel is denied. (Doc. No. 11.)

(3) Motion for request for summary judgment is denied. (Doc. No. 14.)

(4) Motion to strike Respondent's request for extension of time is denied. (Doc. No. 15.)

(5) Motion to expand the record under Rule 7 is denied without prejudice. (Doc. No. 24.) The Court, however, grants Bradley time to file his Traverse, hereby ordering it to be filed within thirty (30) days from the date of this Order.

Furthermore, Bradley is relieved from sending a service copy of pleadings to the Ohio Attorney General's office that he has sent to the Court for filing in this case.

IT IS SO ORDERED.

   s/ Greg White
United States Magistrate Judge

Date: October 11, 2012