UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY E. BRADLEY,** | ) | Case No. 3:12-CV-1504 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **NEIL TURNER,** | ) | |
| | ) | |
| Respondent. | ) | |

An Ohio jury convicted Gregory Bradley on one count of rape and one count of gross sexual imposition. Now, having exhausted his state-court remedies, he petitions this Court for a writ of habeas corpus on the basis of ineffective assistance of counsel and insufficiency of the evidence.

Magistrate Judge Greg White has written a Report and Recommendation ("R&R") **(Doc. #33)**, in which he recommends denying the petition. Bradley has filed written objections to the R&R. (**Doc. # 35**). Bradley has also filed a Motion for Sanctions (**Doc. # 34**). For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** Petitioner's objections, and **DENIES** the habeas petition. The Court also **DENIES** the Motion for Sanctions.

### I. BACKGROUND

In November 2008, when his daughter (B.B.) was five-years-old, Bradley left the house

after an argument with his wife.  After Bradley left, B.B. exclaimed to her mother that her father had "touched her" and "stuck his finger up her butt." *State v. Bradley*, No. 15-10-03, 2010 WL 4514269, ¶13 (Ohio Ct. App. Nov. 9, 2010).  Shelley Bradley contacted her father, and they took B.B. to the police station to file an incident report.  *Id.* ¶ 7.

At trial, B.B. testified via recorded video that she saw her father with his clothes off and that her father touched her with "this part in the middle," referring to a drawn picture of an unclothed man.  *Id.* ¶ 21.  B.B. also testified that her father touched her vaginal area, and she saw a white substance come out of her father when he touched her.  *Id.*  On cross-examination, B.B. contradicted herself stating that no one has ever touched her private area or buttocks.  *Id.*  ¶ 22.

Bradley testified on direct examination that he and his wife had been having marital problems.  *Id.* ¶ 24.  He suggests his wife lied about what happened because they were getting a divorce.  He stated that B.B. had constipation problems which required him to administer suppositories to her when she was four.  *Id.*  Further, Bradley testified that B.B. snuck in and saw him masturbating one time while he was in the shower, and one time when he was in bed with his wife.  *Id.*

Bradley was convicted in June 2009 on one count of rape (Ohio Rev. Code Ann. § 2907.02(A)(1)(b)) and one count of gross sexual imposition (Ohio Rev. Code Ann. § 2907.05(A)(4)).  In July 2009, the trial court imposed a sentence of 15 years to life on the rape count and five years on the gross-sexual-imposition count, the sentences to be served concurrently.

On July 31, 2009, Bradley filed a Notice of Appeal with the Court of Appeals for the

-2-

Third Appellate District. On December 21, 2009, the state appellate court dismissed the appeal for lack of jurisdiction. The appellate court remanded the case to trial court for resentencing because the original judgment entry failed to include the means of conviction.

On March 23, 2010, Petitioner was resentenced to the original term of incarceration. On April 22, 2010, Petitioner, through counsel, filed a timely appeal of his resentencing. On November, 9, 2010, Petitioner's conviction was affirmed. Petitioner did not file a timely appeal to the Ohio Supreme Court.

On September 13, 2010, Petitioner, acting *pro se*, filed a postconviction petition. The trial court denied the petition as untimely. On January 14, 2011, Petitioner filed an appeal, which was denied as untimely. He then filed a Notice of Appeal to the Ohio Supreme Court, which was dismissed as not involving any substantial constitutional question.

Meanwhile, on January 12, 2011, Petitioner filed a delayed notice of appeal to the Ohio Supreme Court challenging the court of appeals's decision affirming his resentencing. On May 25, 2011, his appeal was dismissed for not involving any substantial constitutional question.

Petitioner also filed a motion to reopen his postconviction proceedings that was denied as untimely on January 10, 2012. On February 7, 2012, his motion for reconsideration was denied. The appeal of the motion for reconsideration was denied for lack of jurisdiction. On June 20, 2012, Petitioner's appeal to the Ohio Supreme Court of his motion for reconsideration was denied as not involving a substantial constitutional question.

Now before the Court is Petitioner's federal habeas petition, filed on June 13, 2012, pursuant to 28 U.S.C. § 2254, which asserts four grounds for relief. Magistrate Judge White recommends the Court deny the petition. Petitioner timely filed objections. The Court has

-3-

conducted a *de novo* determination of those portions of the R&R to which Bradley properly objected. *See* 28 U.S.C. § 636(b)(1)(C).[1]

## II. Discussion

**A. Ground One**

Petitioner's first objection is to the recommendation that his ineffective assistance of counsel claim in ground one is procedurally defaulted. A claim may become procedurally defaulted when a petitioner fails to file a timely postconviction suit. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). In Ohio, a postconviction action must be filed no more than 180 days following the date the trial transcript is filed with the state appellate court. Ohio Rev. Code Ann. § 2953.21(A)(2); *see also Nickleson v. Welch*, No. 3:09 CV 906, 2010 WL 5582881, at *4 (N.D. Ohio Oct. 14, 2010).

The docket report shows that the appellate court received the trial transcript on September 9, 2009. (Doc. #22-3). Petitioner did not file a postconviction motion until September 13, 2010, well outside the 180-day window. (Doc. # 22-1, at 382).

But Petitioner argues that he filed a timely postconviction claim on December 21, 2009. (Doc. # 35 at 19). Petitioner is mistaken. What actually transpired on December 21, 2009, is the Court of Appeals of Ohio, Third Appellate District, dismissed his timely appeal for lack of jurisdiction. (Doc. #22-1, at 185). The appellate court concluded that because Petitioner's original sentence failed to include the means of conviction it did not have jurisdiction and remanded the case for resentencing. (Id.) Petitioner was resentenced on March 23, 2010. (Id. at

---

[1] Petitioner also objects to the version of the facts summarized by the state court. This objection is without basis as factual determinations made by the state court are presumed correct. 28 U.S.C. § 2254(e)(1).

232-36). Petitioner postconviction motion was untimely; as such it is procedurally defaulted. *Nickleson*, 2010 WL 5582881 at *4.

There is another reason Petitioner's claim is procedurally defaulted. Claims that could have been asserted on direct appeal but were not are procedurally defective under the Ohio doctrine of res judicata. *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001) (citing *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967)). Res judicata applies to a petitioner who is represented by new counsel, as Petitioner was, and fails to raise an issue of ineffective assistance of counsel. *Hicks v. Collins*, 384 F.3d 204, 211 (6th Cir. 2004). Petitioner is claiming that he did raise his ineffective assistance of counsel claims on direct appeal. (Doc. #35 at 20). He is mistaken.[2] Petitioner raised different ineffective assistance of counsel claims on direct appeal than he is currently asserting. (Doc. # 22-2 at 877-878). Specifically, in state court he claimed his counsel was ineffective for failing at trial to introduce phone records, cross-examine the social worker, and object to videotaped testimony. (Id.) In his habeas petition, Petitioner claims his counsel was ineffective for failing to object to leading questions. (Doc. # 1). Because the claims he is raising today were never presented before the Ohio Supreme Court they are procedurally defaulted.

**B. Ground Two**

Petitioner's second objection is to the recommendation that there was sufficient evidence to support the jury's verdict. The basis of Petitioner's objection is his daughter's inconsistent testimony at trial. (Doc. # 35 at 21).

---

[2]Petitioner himself later acknowledges that he did not raise these ineffective assistance of counsel claims on direct appeal. (Doc. #35 at 20).

To determine if a conviction is supported by sufficient evidence the court reviews the "evidence in the light most favorable to the prosecution" and determines if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Federal courts are required to give deference to the factual determinations of the state court. 28 U.S.C. § 2254(e)(1). "The standard is not whether the evidence is sufficient to convince the habeas court of the petitioner's guilt beyond a reasonable doubt." *Scott v. Perini*, 662 F.2d 428, 431 (6th Cir. 1981). And the evidence supporting a conviction "need not remove every reasonable hypothesis except that of guilt." *United States v. Algee,* 599 F.3d 506, 512 (6th Cir. 2010).

Looking at the record in the light most favorable to the prosecution, there is sufficient evidence to uphold Petitioner's conviction. The Sixth Circuit has held that a victim's testimony alone is constitutionally sufficient to uphold a conviction. *O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007) (upholding a habeas petitioner's conviction despite lack of corroborating witness or physical evidence). Although B.B.'s testimony had some inconsistencies her statements of sexual abuse were corroborated by both her mother and grandfather. *State v. Bradley*, No. 15-10-03, 2010 WL 4514269, ¶ 13-21 (Ohio Ct. App. Nov. 9, 2010). B.B. testified that her father would touch her buttocks when her mother was not around and that she saw her father with his clothes off. *Id.* ¶ 21. B.B.'s mother, Shelly, testified that shortly after Bradley left the house B.B. exclaimed that her father "touched her." *Id.* ¶ 13. Shelly, testified further that she had never discussed sex with B.B. and that after the incident B.B. acted out sexually with other children. *Id.* B.B.'s grandfather testified that he arrived shortly after Bradley left the house and that B.B. told him that her father "placed his finger in her buttocks"

and that "there [were] more bad things." *Id.* ¶ 15.

To rebut Petitioner's claim that there was no physical evidence the state presented testimony from Dr. Vavul-Roediger. Dr. Vavul-Roediger testified that it is common in cases such as these for there to be no physical findings, and the lack of physical evidence does not imply the offenses did not occur. *Id.* ¶ 18.

Petitioner argues that B.B.'s contradictions combined with his wife's incentive to lie show that there was not sufficient evidence. It is the jury's role to weigh the credibility of the witnesses, however, not a federal district court reviewing a habeas petition. *See Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983). The jury believed that B.B.'s and her mother's version of the facts was more credible than the Petitioner's, as was its prerogative. Construing the evidence most favorably to the prosecution, the Court finds that a rational trier of fact could have found the Petitioner guilty beyond a reasonable doubt.

**C. Grounds Three and Four**

Grounds three and four are not actually separate grounds for relief, but rather a reason Petitioner should be excused from procedurally defaulting his first ground for relief. Petitioner says that he did not timely file his notice of appeal because the prison's mail system held the notice for seven days before mailing it. (Doc. # 22-2 at 789). The Sixth Circuit has determined that the prison mail system causing a petition to be filed late "is sufficient to excuse a procedural default based upon a late filing." *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003).

On January 3, 2011, Petitioner deposited his notice of appeal of the denial of his postconviction petition with the prison mail system. (Doc. # 26 at 10). It was not mailed until January 10, 2011. (Doc. # 22-2 at 789). The appellate court dismissed Petitioner's appeal

-7-

because it was filed one day late, on January 14, 2011. (*Id.* at 782). Petitioner contends, and this Court agrees, that his appeal would have been timely if it had been mailed promptly. But the issue is moot because ground one is procedurally defaulted for other reasons, namely that the ineffective assistance of counsel claims he is raising today were never presented to the state courts. (Doc. # 22-2 at 877-78); *see also Hicks*, 384 F.3d at 211. Accordingly, Petitioner's objections to the recommendation for the third and fourth ground are denied and Petitioner's first ground for relief is still procedurally defaulted.

**D. Motion for Sanctions**

Petitioner moves for sanctions against the Ohio Attorney General's Office for failing to provide a complete record of the state-court proceedings. (Doc # 34). On July 6, 2012, Magistrate Judge White ordered Respondent to provide the Court copies of all "transcripts, journal entries, opinions, indictments, affidavits, orders, and docket sheets pertaining to the proceedings from which Petitioner seeks relief in this court." (Doc. # 8 at 2). On September 12, 2012, Respondent complied with this order and provided all of the transcripts, journal entries, opinions, indictments, affidavits, orders, and docket sheets, that pertain to Petitioner's trial. (Doc. # 22). But Petitioner wants more. He is seeking Respondent's state appellate brief from April 6, 2011, all the re-sentencing transcripts, medical reports, journal entries from December 21, 2009, and deposition transcripts from one witness. The state has provided the resentencing journal entry and the journal entry from December 21, 2009, as requested by the Magistrate Judge. The remainder of Petitioner's requests are not part of the trial record.

Moreover, the documents Petitioner is requesting are not pertinent to the relief he is seeking in this Court. Petitioner is challenging the validity of his conviction at trial. The

requested documents relate to his resentencing and his postconviction claims, not the validity of his conviction.

Lastly, the motion is untimely. Petitioner filed this motion on February 25, 2013. He had already filed his writ and a traverse and the magistrate judge had already issued the R&R 14 days before this motion for sanctions was filed. Petitioner even moved to expand the record on October 1, 2012, demonstrating that he was well aware of the documents that had been produced by October and yet failed to file the instant motion until several months later. For these reasons the motion is denied.[3]

### III. CONCLUSION

Accordingly, the Court **OVERRULES** Petitioner's Objections (**Doc. # 35**), and **ADOPTS** Magistrate White's Report and Recommendation (**Doc. # 33**), **DENIES** the underlying Petition for Writ of Habeas Corpus (**Doc. #1**), and **DENIES** the Motion for Sanctions. (**Doc. # 36**).

**IT IS SO ORDERED.**

                                          */s/ Dan Aaron Polster*
                                          **Dan Aaron Polster**
                                          **United States District Judge**

April 1, 2013

---

[3] Petitioner subsequently filed a Motion for Summary Judgment for his Motion for Sanctions. (Doc. # 37). Petitioner's Motion for Summary Judgment raises the same issues that are raised in his Motion for Sanctions. Accordingly, it is denied for the same reasons.